IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

DAVID WEBB,                          )    CIVIL NO. 08-00487 DAE-LEK
                                     )
           Plaintiff,                )
                                     )
     vs.                             )
                                     )
JOANNE SUMIE ONIZUKA, ET AL.,        )
                                     )
           Defendants.               )
_____     )


## ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

            Before the Court, pursuant to a designation by United
States District Judge David Alan Ezra, is pro se Plaintiff
David Webb's ("Plaintiff") Motion for Appointment of Counsel
("Motion"), filed on January 5, 2009.  The Court finds this
matter suitable for disposition without a hearing pursuant to
Rule LR7.2(d) of the Local Rules of Practice of the United States
District Court for the District of Hawaii.  After careful
consideration of the Motion and the relevant legal authority,
Plaintiff's Motion is HEREBY DENIED for the reasons set forth
below.

### BACKGROUND

            Plaintiff filed the instant action on October 28, 2008.
Plaintiff alleges that he purchased a certified pre-owned 1995
BMW 540IA ("the Vehicle") from Defendant BMW of Honolulu ("BMW")
on April 3, 2004.  Plaintiff alleges that Defendant Joanne Sumie
Onizuka and Defendant Brian H. Enoka were previous owners of the

Vehicle and failed to report automobile accidents involving the Vehicle.  Plaintiff alleges that this resulted in a higher sale price when he purchased the Vehicle.  Plaintiff alleges that BMW was grossly negligent because it failed to inform him that the Vehicle had been in at least one, if not several, automobile accidents in the six years prior to his purchase of the Vehicle. Plaintiff alleges that Defendant CARFAX, Incorporated/Polk CARFAX Incorporated ("CARFAX") violated federal and state consumer protection laws by failing to disclose the fact that they were unable to check accident records in Hawaii.  Plaintiff also alleges that Defendant First Hawaiian Bank ("FHB") committed fraud when it issued a bank check for $14,000.00 and debited his Master Debit Card for $3,916.00 for the purchase of the Vehicle.

On November 24, 2008, the district judge issued an Order Granting Plaintiff's Request to Proceed In Forma Pauperis ("IFP Order").

In the instant Motion, Plaintiff seeks the appointment of counsel, arguing that the case is extremely complex and involves claims against multiple defendants who have varying degrees of culpability.  He emphasizes that, in the IFP Order, the district judge found that his case is not frivolous. Plaintiff notes that he has contacted nine attorneys without success.

## DISCUSSION

Where a plaintiff has been granted leave to proceed in forma pauperis, the district court, in its sound discretion, may appoint counsel to represent the plaintiff.  See 28 U.S.C. § 1915(e)(1); Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004).  A court, however, should only appoint counsel "in exceptional circumstances."  Agyeman, 390 F.3d at 1103 (citation and quotation marks omitted).  "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved."  Id. (citations and quotation marks omitted).  Although neither factor is controlling, the court must view both together before ruling upon a motion for the appointment of counsel.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

In the IFP Order, the district judge ruled that "the complaint is not frivolous as it has arguable substances of both law and fact."  [IFP Order at 5.]  Plaintiff argues that counsel should be appointed in light of the district judges' ruling and the complexity of the case.  Plaintiff's argument is misplaced. The determination that a case is not entirely frivolous for purposes of a motion for leave to proceed in forma pauperis is

independent of a determination of whether the suit is sufficiently meritorious to warrant the appointment of counsel. See Barker v. Menominee Nation Casino, 897 F. Supp. 389, 393 (E.D. Wis. 1995) ("'even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely thin'" (quoting Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981); McKeever v. Israel, 689 F.2d 1315, 1320 (7th Cir. 1982))).  Further, the district judge did not find that Plaintiff was likely to succeed on the merits.

The Court notes that there are a number of potential problems with Plaintiff's case.  For example, Plaintiff does not allege how FHB committed fraud by processing his payment for the Vehicle, and there may be statute of limitation issues because Plaintiff purchased the Vehicle in 2004.  This Court therefore finds that Plaintiff has not established a sufficient likelihood of success on the merits to warrant the appointment of counsel.

Further, Plaintiff's filings in this case indicate that he is literate and able to express his claims and requests to the Court through pleadings and motions.  While this Court appreciates that this case seems complicated to Plaintiff, almost any case will seem complex to someone without legal training. The Court finds that the facts and legal issues in this case are not so unusually complex as to render this case exceptional. This Court therefore finds that, in light of the nature of this

case, Plaintiff would be able to articulate his claims and prosecute them pro se.

The Court FINDS that there are no exceptional circumstances that would warrant the appointment of counsel to represent Plaintiff.

### CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for Appointment of Counsel, filed January 5, 2009, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 7, 2009.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**DAVID WEBB V. JOANNE SUMIE ONIZUKA, ET AL; CIVIL NO. 08-00487 DAE-LEK; ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**