IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAVID WEBB, | ) | CIVIL NO. 08-00487 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOANNE SUMIE ONIZUKA, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S ANSWER TO ORDER
DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

On January 7, 2009, this Court filed its Order Denying Plaintiff's Motion for Appointment of Counsel ("Order"). Before the Court, pursuant to a designation by United States District Judge David Alan Ezra, is pro se Plaintiff David Webb's ("Plaintiff") Answer to Order Denying Plaintiff's Motion for Appointment of Counsel ("Motion"), filed on January 20, 2009. The Court construes the Motion as a motion for reconsideration of the Order. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"). After careful consideration of the Motion and the relevant legal authority, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

Plaintiff filed the instant action on October 28, 2008.

The district judge granted Plaintiff leave to proceed in forma pauperis.  Plaintiff filed a Motion for Appointment of Counsel on January 5, 2009.  In the Order, this Court denied the Motion for Appointment of Counsel, finding that Plaintiff had not established a sufficient likelihood of success on the merits to warrant the appointment of counsel and that Plaintiff would be able to prosecute the case pro se.  In finding that Plaintiff had not established a sufficient likelihood of success, the Court stated: "The Court notes that there are a number of potential problems with Plaintiff's case.  For example, Plaintiff does not allege how [Defendant First Hawaiian Bank] committed fraud by processing his payment for the Vehicle, and there may be statute of limitation issues because Plaintiff purchased the Vehicle in 2004."  [Order at 4.]

In the instant Motion, Plaintiff states that he is not "learnt of the law through formal training, which has resulted in the Court's misinterpretation of the Complaint . . . ."  [Motion at 1.]  Plaintiff argues that his fraud claims are within statute limitations period provided by Hawaii law.  He also points out that he is not suing Defendant First Hawaiian Bank for fraud, "but for breach of fiduciary duties by failure to investigate Fraud after proper notification".  [Id. at 2.]

## DISCUSSION

Courts recognize three grounds for granting

2

reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)) (some citations omitted); see also Local Rule LR60.1.  Plaintiff apparently argues that this Court committed clear error in denying his Motion for Appointment of Counsel or that reconsideration is necessary to prevent manifest injustice.

        Even assuming, for the sake of argument, that Plaintiff's Motion establishes a sufficient likelihood of success, a court should only appoint counsel "in exceptional circumstances."  Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (citation and quotation marks omitted). Further, a court must also consider "the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved."  Id. (citations and quotation marks omitted). Plaintiff alleges that this Court misinterpreted his Complaint because of his lack of formal legal training.  The fact that Plaintiff lacks formal legal training, making it difficult for the Court to discern the content of some of Plaintiff's claims, is not sufficient to warrant the appointment of counsel because the same can be said about virtually every pro se plaintiff.  The

3

Motion does not establish that this case presents such unusual or complex factual or legal issues which would render it an exceptional case warranting the appointment of counsel.  This Court therefore FINDS that Plaintiff has not established any grounds warranting reconsideration of the Order.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Answer to Order Denying Plaintiff's Motion for Appointment of Counsel, filed on January 20, 2009, which the Court construes as a motion for reconsideration of this Court's January 7, 2009 Order Denying Plaintiff's Motion for Appointment of Counsel, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 5, 2009.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**DAVID WEBB V. JOANNE SUMIE ONIZUKA, ET AL; CIVIL NO. 08-00487 DAE-LEK; ORDER DENYING PLAINTIFF'S ANSWER TO ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**