IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DAVID WEBB, ) | CV. NO. 08-00487 DAE-BMK |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JOANNE SUMIE ONIZUKA, ) | |
| BRIAN H. ENOKA, CARFAX ) | |
| INC/POLK CARFAX, INC., BMW ) | |
| OF HONOLULU, SHELLY ) | |
| EUROCARS, INC., FIRST ) | |
| HAWAIIAN BANK, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendants' motions and the supporting and opposing memoranda, the Court GRANTS Defendant Brian H. Enoka's motion to dismiss (Doc. # 91), Defendant Shelly Eurocars, Inc.'s motion to dismiss (Doc. # 96), Defendant Carfax, Inc.'s motion to dismiss (Doc. # 103), and Defendant Joanne Sumie Onizuka's motion to dismiss (Doc. # 119).

## BACKGROUND

On October 28, 2008, Plaintiff, pro se, filed a Complaint alleging various causes of action arising out of a purchase of a used car. Plaintiff then amended his Complaint on January 27, 2009 (the "First Amended Complaint" or "Complaint"). The allegations in his Complaint are as follows.

Plaintiff purchased a 1995 BMW automobile from BMW of Honolulu ("BMWH") on April 3, 2004 for $17,916.14. Plaintiff claims that he paid BMWH with a $14,000 bank check issued by First Hawaiian Bank ("FHB") and authorized BMWH to charge the additional $3,916.14 on Plaintiff's FHB debit Mastercard.

The following week, on April 9, 2004, Plaintiff spent over $3,000 in repairs on the BMW he had purchased from BMWH. Ten months later, Plaintiff sold the BMW back to BMWH for $6,000. Plaintiff alleges that the vehicle had been in at least two major accidents prior to his purchase and that these accidents had never been reported to the Hawaii DMV or any insurance carrier.

The first accident allegedly occurred in 1997. Plaintiff alleges that Joanne Sumie Onizuka ("Onizuka") was driving the BMW when she was involved in an accident on November 8, 1997. Plaintiff claims that the damages to the BMW at that time exceeded $3,000. Plaintiff alleges that Onizuka committed

fraud by failing to report automobile damages to the Hawaii State DMV, her automobile insurance company, and to the subsequent owner Brian H. Enoka ("Enoka").

Plaintiff claims that Enoka also was involved in two accidents with the BMW, one on or about June 13, 2003, and the other on September 26, 2003, and that both accidents incurred damages to the BMW of over $3,000. Plaintiff alleges that Enoka committed fraud by failing to report the automobile damages to the Hawaii State DMV, his insurance company and the subsequent owner, BMWH.

Plaintiff claims BMWH committed gross negligence by fraudulently or deceptively failing to inform Plaintiff that the BMW had been involved in at least one if not several accidents within the six years prior to the April 3, 2003 purchase. Plaintiff contends he relied on a report by Carfax, Inc./Polk Carfax Inc. ("Carfax") that attested to the BMW's lack of involvement with prior accidents.

Plaintiff further claims that Carfax violated federal and state consumer protection laws by not disclosing the limitations of their service; specifically, their inability to check accident records in Hawaii, while at the same time professing to contain information from all fifty states in their database.

Plaintiff alleges that FHB failed to carry out its fiduciary duty to investigate fraud and to reimburse Plaintiff upon findings of fraud.  On November 17, 2008, FHB filed a motion to dismiss based on improper service of process and failure to state a claim upon which relief can be granted.  On January 6, 2009, BMWH filed a motion to dismiss Plaintiff's Complaint because, they claimed, it was not filed within the relevant statute of limitations period under Hawaii law.  On February 27, 2009, this Court issued an order granting FHB's motion to dismiss and denying BMWH's motion to dismiss.  In that order, the Court noted that Webb had claimed he "had never ascertained a claim" under the Hawaii unfair trade practices statute and therefore the Court interpreted Webb's statements as waiving any claims under that provision.

On February 12, 2009, Enoka filed a motion to dismiss the Complaint and First Amended Complaint.  (Doc. # 91.)  Enoka claimed this Court lacked subject matter jurisdiction over the case and that Webb's complaints failed to state a claim upon which relief could be granted because he had failed to plead allegations of fraud with particularity.  On February 23, 2009, Webb filed an opposition to Enoka's motion.  (Doc. # 99.)  On March 17, 2009, Enoka filed a reply.  (Doc. # 125.)  Finally, on March 24, 2009, Enoka filed a supplemental reply

to Webb's opposition brief, highlighting new information he had received since the filing of his original reply brief. (Doc. # 131.)

On February 21, 2009, Defendant Shelly Eurocars, Inc. ("Shelly") filed a motion to dismiss the First Amended Complaint. (Doc. # 96.) Shelly argued that the Court lacks subject matter jurisdiction and that the First Amended Complaint fails to state a claim upon which relief can be granted as Webb's claims fall outside of the statute of limitations. Webb filed an opposition to Shelly's motion on March 5, 2009. (Doc. # 111.) On March 9, 2009, Shelly filed a reply. (Doc. # 115.)

On March 2, 2009, Carfax filed a motion to dismiss, arguing the Court lacks subject matter jurisdiction and Webb has failed to state a claim upon which relief can be granted. (Doc. # 103.) Webb filed an opposition to the motion on March 9, 2009. (Doc. # 118.) Webb then filed a supplemental opposition on March 13, 2009. (Doc. # 124.) Carfax filed its reply on April 6, 2009. (Doc. # 141.)

Finally, on March 10, 2009, Onizuka filed a motion to dismiss. (Doc. # 119.) Onizuka argued the Complaint should be dismissed because the Court lacked subject matter jurisdiction, Webb had failed to properly serve process, and the Complaint failed to state a claim upon which relief can be granted. Webb filed

an opposition to the motion on March 18, 2009. (Doc. # 128.) He also filed "supplemental exhibits in opposition" on March 23, 2009. (Doc. # 129.) Onizuka failed to file a reply.

## STANDARD OF REVIEW

A motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Review is generally limited to the contents of the complaint. Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005). A complaint does not need to include detailed facts to survive a Rule 12(b)(6) motion to dismiss. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965. (2007). However, in providing grounds for relief, a plaintiff must do more than recite the formulaic elements of a cause of action. Id. at 1966. Plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence. In other words, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face. Id. at 1974. "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).

When a plaintiff appears pro se, the court has an obligation to construe the plaintiff's complaint liberally. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (same).

## DISCUSSION

All four Defendants' motions raise the argument that the Court lacks subject matter jurisdiction to hear this case. Due to the Defendants' arguments and because the Court has a continuing duty to assess whether subject matter jurisdiction exists, the Court addresses the issue of subject matter jurisdiction first.

Federal courts are courts of limited subject matter jurisdiction and there is no presumption that a court has jurisdiction in any particular case. See U.S. Const. art. III. Hence, in order to properly sue in federal court, a plaintiff must affirmatively establish at the outset that subject matter jurisdiction existed at the time of filing. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936).

A plaintiff may plead subject matter jurisdiction under either diversity or "federal question" jurisdiction. Under diversity jurisdiction, district courts have original jurisdiction in civil actions where the matter in controversy exceeds $75,000 and where the suit is between citizens of different states. 28 U.S.C.

§ 1332(a).  The party invoking diversity jurisdiction bears the burden of demonstrating jurisdiction and must support its claim with "competent proof" by a preponderance of the evidence.  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04 (9th Cir. 1996).  "Diversity jurisdiction requires complete diversity between the parties -- each defendant must be a citizen of a different state from each plaintiff."  In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267 (1806).

An individual is deemed to be a citizen of the state where he is "domiciled" -- that is, the one "place where he has his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."  Charles Alan Wright, Law of Federal Courts, 146 (5th ed. 1994); see also Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986).  A person's state citizenship is determined by his state of domicile, not his state of residence.  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.; see also Weible v. United States, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender

thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile.").

In this case, Webb's Complaint clearly states that "[a]t all times herein mentioned plaintiff DAVID WEBB is a citizen of the State of Hawaii." (First Amended Compl. at 1.)  The Complaint also clearly states that several of the defendants are citizens of Hawaii, including Onizuka, Enoka, BMWH, and FHB. (Id.)  On its face, therefore, Webb's Complaint does not demonstrate complete diversity and diversity jurisdiction does not exist.

In his opposition to several of Defendants' motions, Webb declares that he only alleged that he was a citizen of Hawaii in his Complaints because he still had a valid license in Hawaii.  (See, e.g., Doc. # 99 at 4.)  He explains that he has not been a resident of Hawaii since leaving on February 4, 2006 to care for an elderly parent in Utah.  (Id.)

In the first instance, even taking Webb's assertions as true, he has failed to establish that he is not a domiciliary or citizen of Hawaii.  Merely asserting that one is a resident of another state is not sufficient, as residency and citizenship for jurisdictional purposes are not the same.  Kanter, 265 F.3d at 857. Moreover, when a party argues jurisdictional grounds based on an alleged change of domicile, a presumption arises in favor of the old domicile, and the party bears

the burden to rebut this presumption.  Lew, 797 F.2d at 751.  Finally, a person's old domicile is not lost until a new one is acquired.  Barber v. Varleta, 199 F.2d 419, 423 (9th Cir. 1952).  In order to acquire a new domicile, a person must (1) take up residence in a different state with (2) the intent to remain there permanently.  Kanter, 265 F.3d at 857.  Webb has failed to adequately establish that he has the intent to remain in Utah permanently.  In fact, in a related pleading in this case, Webb has stated that he had "no intent of staying [in Utah] upon this parent recovering and/or passing away."  (Doc. # 136 at 2.)

In addition, Enoka points to four other federal lawsuits filed by Webb in other jurisdictions in which he claims diversity jurisdiction based on his being a citizen of Hawaii.  (Doc. # 125 at 3-6 and exhibits attached thereto.)[1]  In all four of

---

[1] The Court takes judicial notice of these other complaints under Federal Rule of Evidence 201.  "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, ___ (2007) (pincite unavailable).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record."  Lee v. City of Los Angeles, 250 F.3d 668, 688 -689 (9th Cir. 2001).  "Therefore, on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment."  Mack v. South Bay Beer Distrib., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986), overruled on other grounds by Astoria Fed. Sav. and Loan Ass'n v. Solimino, 501 U.S. 104, 111 (1991).  Because the four complaints are filed in federal court, they are "matters of public record" and this Court therefore takes judicial notice of them without converting the instant motions

the complaints, Webb states he is a citizen of the State of Hawaii. (Id.) Webb cannot reasonably allege now that he is not a citizen of Hawaii in the face of his Complaint in the instant case and the complaints in his other lawsuits as well. Accordingly, this Court finds Webb has failed to sufficiently establish diversity jurisdiction due to a lack of complete diversity between the parties.

   Even if Webb were able to establish his citizenship in another state, however, this Court has serious doubts as to his ability to meet the amount in controversy requirement. A federal district court only has diversity jurisdiction if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Although Webb's Complaint claims damages against each defendant in excess of $75,000[2], a simple review of the allegations indicates that his claims are really for less than the statutory requirement. It is axiomatic that a case can only be dismissed for failing the meet the amount in controversy requirement if it appears "to a legal certainty" that the plaintiff cannot recover in excess of $75,000. Crum v. Circus Circus Enters., 231 F.3d 1129, 1131 (9th Cir. 2000); St. Paul. Mercury Indem. Co. v. Red

---

into motions for summary judgment.

 [2]It appears the Complaint only seeks damages in the amount of $17,916.40 against FHB, far less than the $75,000 statutory requirement. However, this Court has already granted FHB's motion to dismiss on February 27, 2009, and therefore will only consider the amount in controversy with regard to the remaining Defendants.

Cab Co., 303 U.S. 283, 288 (1938) .  In this case, the Court cannot fathom a circumstance under which Webb would be entitled under the law to damages in excess of $75,000.

Webb's own Complaint indicates that he purchased the BMW from BMWH, paying approximately $18,000.  After incurring $3,000 worth of repairs, he then sold the BMW back to BMWH for $6,000.  Even assuming all of Webb's allegations are true, therefore, Webb cannot justify damages in excess of $15,000.  The Court also notes that Webb is not entitled to treble damages under the Hawaii unfair and deceptive trade practices statute because, as this Court found in its order of February 27, 2009, Webb waived those claims.  Furthermore, even if he were entitled to treble damages, those damages would not approach $75,000.

Accordingly, this Court finds that Webb has failed to establish diversity jurisdiction and amendment to the Complaint would not correct the insufficiency.  As such, the only way this Court can possess subject matter jurisdiction in this case is through establishment of a federal question.

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  For a case to "arise under" federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the

plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law.  See Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1243 (9th Cir. 2009); Peabody Coal Co. v. Navajo Nation, 373 F.3d 945, 949 (9th Cir. 2004).

In this case, the sole instance in which federal law is implicated lies in the Complaint's opening paragraph, in which Webb asserts claims under "Federal/State Consumer Protection Laws."  (First Amended Compl. at 1.)  Webb does not cite any particular federal consumer protection law and several defendants suggest his Complaint should therefore be dismissed.

In opposition to Shelly's motion, however, Webb asserts that Shelly has "violated 15 U.S.C.  2302-2304 & 2310 and Federal Trade Commission 16 CFR Part 455 - Trade Regulations - Sale of Used Motor Vehicles."  (Doc. # 111 at 1.)  The statute cited, known collectively as the Magnuson-Moss Warranty Improvement Act ("Magnuson-Moss Act"), allows a "consumer" to bring suit when he claims to have to been "damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this [Act], or under a written warranty, implied warranty, or service contract."  15 U.S.C. § 2310(d)(1).  The Magnuson-Moss Act, therefore, confers a private right of action on individual consumers.  Before subject matter jurisdiction can be invoked by the federal courts

under the Manguson-Moss Act, however, a plaintiff must meet an amount in controversy requirement of $50,000.  § 2310(d)(3)(B).  The amount in controversy excludes interests and costs.  Id.

For the same reasons discussed above regarding the amount in controversy requirement under § 1332, Webb cannot meet the $50,000 amount in controversy requirement for the Magnuson-Moss Act.  Although Webb alleges, at minimum, $87,000 against the individual defendants, even a cursory review of his claims indicates actual damages could only be calculated at less than $50,000.  The Magnuson-Moss Act does not allow for punitive damages nor does it provide for treble damages.[3]  See Kelly v. Fleetwood Enters., Inc., 377 F.3d 1034, 1039 (9th Cir. 2004).  As such, this Court finds that Webb cannot claim federal question jurisdiction under the Magnuson-Moss Act because he cannot meet the amount in controversy requirement.

Similarly, Webb also claims in his opposition to Carfax's motion, that Carfax has violated 15 U.S.C. §§ 41-58.  (Doc. # 118 at 1.)  Known as the Federal

---

[3] Although state law generally guides whether specific remedies are allowed under the Magnuson-Moss Act, see Kelly, 377 F.3d at 1039, Webb does not allege any breach of warranty under state law and any potential claims for unfair or deceptive trade practices under Hawaii law have been deemed waived.

Trade Commission Act (the "FTC Act"), the cited statutes empower the Federal Trade Commission to enforce unfair methods of competition.  See 15 U.S.C. § 45(a).  The FTC Act does not, however, provide a private cause of action by individuals.  See Carlson v. Coca-Cola Co., 483 F.2d 279, 280 (9th Cir. 1973).  Instead, the FTC Act "vests initial remedial power solely in the Federal Trade Commission."  Id.  As such, the Court rejects Webb's assertion that he has federal question jurisdiction under the FTC Act.

> Because Webb cannot claim subject matter jurisdiction under either of the federal laws he cites in opposition briefs and because this Court can find no other federal consumer protection law applicable to Webb's Complaint, the Court hereby GRANTS Defendants' motions to dismiss based on subject matter jurisdiction.  In consideration of Webb's pro se status, however, Webb is hereby granted leave to amend his Complaint with respect to properly alleging subject matter jurisdiction under § 1331.  The amended Complaint, if any is filed, should contain specific allegations establishing that Webb has a claim under a federal law, other than the Magnuson-Moss Act and the FTC Act, and must cite to the statute specifically.  Webb has 30 days from the date of the filing of this order to file an amended Complaint that meets these requirements.  Failure to do so will result in dismissal with prejudice of his entire Complaint.  Furthermore, all pending motions

in this case, including a motion for a preliminary injunction filed by Webb, are hereby terminated as moot, with leave to refile his motions if and when he files a sufficient amended Complaint.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' motions to dismiss.  Webb is hereby granted leave to amend his Complaint according to the dictates outlined above.  Failure to file an amended Complaint meeting these requirements within 30 days from the date of filing of this order will result in dismissal with prejudice of his entire action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 8, 2009.



David Alan Ezra
United States District Judge

Webb v. Onizuka et al., CV No. 08-00487 DAE/BMK; ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS